UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTY LEE HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1042** |
| **SHERIFF RANDY SMITH** | **SECTION: "S"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Marty Lee Hill, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Sheriff Randy Smith. He stated his claim as follows:

> I Marty Lee Hill was arrested on September 12 - 2019 by the St. Tammany Parish Sheriff Office and I was booked in there jail on the 12th of September. I was held in there holding cells for 18 days with no bed or mat.[1]

As relief, he requests $1,500,000 and an apology.[2]

Plaintiff filed this civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] Rec. Doc. 1, pp. 4-5.
[2] Id. at p. 5.

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned nevertheless recommends that it be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

In this lawsuit, plaintiff claims that he was subjected to unconstitutional physical conditions of pretrial detention when he was housed in the St. Tammany Parish Jail's holding cells without a bed or mat for eighteen days. It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). That said, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 F. App'x 369, 371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015). As explained below, it is apparent that the physical conditions alleged by plaintiff, while unpleasant, concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As an initial matter, it must be noted that there is absolutely no indication that plaintiff was kept in the holding cells as a form of *punishment* (as opposed to some other permissible explanation, such as a lack of space in the general population area). Further, in any event, it is clear that "the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998). Therefore, although the conditions plaintiff describes were undoubtedly uncomfortable, it does not necessarily follow that they were *unconstitutional*.

In addition, this Court must be mindful that the United States Supreme Court has held "that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards," because conditions that "might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978); accord Alexander v. Tippah County, Mississippi, 351 F.3d 626, 631 (5th Cir. 2003) ("[T]he length of time spent in the offensive conditions should be taken into account.").

In the instant case, plaintiff alleges that he was kept in the holding cells for only *eighteen days*. Such a short period of time in a holding cell is insufficient to rise to the level of a constitutional violation. See, e.g., Allen v. St. Tammany Parish, Civ. Action No. 17-4091, 2018 WL 558503, at *3-5 (E.D. La. Jan. 2, 2018) (finding that detainee's fifteen-day confinement in the St. Tammany Parish Jail's holding cells was too brief a period to support a constitutional claim), adopted, 2018 WL 537495 (E.D. La. Jan. 24, 2018).

As to plaintiff's further allegation that he had no bed or mat during that eighteen-day period, "[t]he provision of bedding is within those matters committed to prison administrators' sound discretion. The federal courts have repeatedly held that the deprivation of bedding for a

limited period of time is not per se unconstitutional." Walton v. Topps, Civ. Action No. 12-0931, 2012 WL 3947629, at *8 (E.D. La. July 23, 2012) (citation omitted), adopted, 2012 WL 3947976 (E.D. La. Sept. 10, 2012). Accordingly, similar deprivations have repeatedly been found to be constitutional. See, e.g., Allen, 2018 WL 558503, at *5 (fifteen days without a mattress); McClay v. Gusman, Civ. Action No. 11-2863, 2012 WL 3438367, at *8 (E.D. La. July 13, 2012) (seventeen days without a mattress), adopted, 2012 WL 3481899 (E.D. La. Aug. 14, 2012); Sykes v. Beilcham, No. 1:10CV194, 2011 WL 3425616 (N.D. Miss. June 29, 2011) (sixteen days without a mat), adopted, 2011 WL 3420854 (N.D. Miss. Aug. 4, 2011).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___1st___ day of April, 2020.

*[signature]*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**